(90 App. Div. 207.)

TRUST CO. OF NEW YORK v. UNIVERSAL TALKING MACH. CO. et al.

(Supreme Court, Appellate Division, First Department. December 22, 1903.)

1. CORPORATE MORTGAGE—REFORMATION—COMPLAINT—SUFFICIENCY.

Where, in a complaint by the trustee to reform a mortgage of corporate property so as to conform to resolutions of the directors under which it was executed, there is no allegation that the stockholders consented to the execution of any mortgage but the one in question, or that they were mistaken as to its terms, or knew anything about the resolutions, other allegations as to fraud on the part of the corporate officers, and mistake on the part of plaintiff and bondholders secured thereby, and as to their reliance on their resolutions, are insufficient to justify the reformation.

2. SAME—COVENANT FOR FURTHER ASSURANCE—COMPLAINT TO ENFORCE—SUFFICIENCY.

A complaint by a trustee under a mortgage of corporate property to compel performance of a covenant for further assurance therein by the assignment of certain property is insufficient to entitle plaintiff to such relief, where it does not allege that any demand founded on such covenant was ever made on defendants, though it is alleged that a demand was made on the purchaser of such property.

3. SAME—FAILURE TO REFILE—BASIS FOR ACTION BY TRUSTEE.

Failure of a corporation to refile a mortgage on its property 30 days prior to the expiration of one year from the date of its original filing affords no basis for an action by the trustee thereunder against the corporation and others in possession of its property, where it does not appear that any creditor has acquired any rights superior to the mortgage as a result thereof, and it is not shown to be the duty of defendants to refile the same.

Appeal from Special Term, New York County.

Action by the Trust Company of New York against the Universal Talking Machine Company and others. From an interlocutory judgment overruling a demurrer to the amended complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Peter B. Olney, for appellants.

H. T. Fay, for respondent.

VAN BRUNT, P. J. This action was brought to reform a mortgage executed by the defendant the Universal Talking Machine Company to the plaintiff as trustee to secure certain bonds of the defendant the Universal Talking Machine Company; also to compel the defendants to execute certain additional assignments and transfers of certain patent rights and trade-marks to the plaintiff as trustee under said mortgage; and also that the defendants might be required to execute and deliver a new mortgage assigning and transferring to the plaintiff, as trustee, for the security of the bonds aforesaid, all of the property, patents, patent rights, trade-marks, and contracts mentioned in the complaint, and embodying all the terms, provisions, and conditions contained in the resolutions in the amended complaint

¶ 2. See Covenants, vol. 14, Cent. Dig. § 138.

set forth. The amended complaint, after alleging the incorpora-
tion of the plaintiff and of the defendant the Universal Talking Ma-
chine Company, and that said company was the owner and possessor
of certain personal property, consisting of machinery, etc., and cer-
tain patents, inventions, and discoveries, alleged that at a meeting
of the board of directors of the defendant the Universal Talking
Machine Company, duly held on the 30th of October, 1900, the fol-
lowing resolutions were unanimously adopted, to wit:

"Resolved: That this company make its mortgage, assignment, or deed
of trust covering its patents, patent rights, machinery, trade-marks, fixtures,
and property, other than goods, wares and merchandise, and current bills
and accounts receivable, and that it likewise execute and deliver all nec-
essary or proper assignments and transfers, separate and distinct from such
mortgage or deed of trust, suitable to be recorded for the purpose of giving
record title, or filed for the purpose of giving notice of the transfer and
change of possession, or either; the same to be given as a part of, and
in connection with, such mortgage or deed of trust. That such mortgage
or deed of trust be executed to the Trust Company of New York, as trus-
tee, upon condition that it secure the payment of thirty thousand dollars
($30,000) first mortgage, five per cent., gold bonds, payable in five (5) years
from the date thereof, with interest semiannually. That such bonds be in
the issue form and substantially as follows, viz.: [Here follows in the
resolution a full copy of the said bond, coupon, and trustee's certificate
thereon.] That the mortgage or deed of trust, so as aforesaid to secure
such bonds, be executed in the usual form, with authority to the trustee
therein named to take possession of the property therein described, or any
portion thereof, should such trustee at any time deem the security of such
bonds inadequate or unsafe, and with power in such trustee likewise to con-
duct the business of the company by or through the use of said property,
in its discretion. That the officers of the company be authorized and di-
rected to execute such mortgage or deed of trust and the bonds aforesaid,
and such additional or supplemental documents and instruments as may be
requisite or advised by counsel, for the purpose of effectuating this resolu-
tion; all of the aforesaid matters and things to be and become operative and
effectual upon the consent, authorization, and ratification of the same by the
stockholders of the company, as the same by statute or by law may be re-
quired."

The plaintiff alleged that thereupon the said defendant the Uni-
versal Talking Machine Company, with the consent of the stockhold-
ers owning at least two-thirds of the stock of the corporation, exe-
cuted and delivered to the plaintiff a certain mortgage of said prop-
erty, patents, and patent rights, etc., then owned by it, to secure
the bonds aforesaid, which mortgage was on the 15th of December,
1900, duly filed in the office of the city clerk of the city of Yonkers,
that being the defendant's principal place of business; that there-
upon bonds were issued, $20,000 of which were purchased by one
Lillie H. Seaman, and the remaining $10,000 were held by one George
H. Robinson as trustee; that the coupons on said bonds had been
paid, but no part of the principal had ever been paid. The complaint
further alleged, upon information and belief, that said Lillie H. Sea-
man, the owner and holder of $20,000 of said bonds secured by said
mortgage, agreed to and did purchase the same with full knowledge
of, and relying upon, the resolutions adopted by the defendant the
Universal Talking Machine Company, and understanding and be-
lieving that said mortgage contained all the terms and conditions,
and was drawn in accordance with the agreement and plan, contain-

ed and set forth in said resolutions, but that in fact said mortgage was not so drawn, but, without the knowledge or consent of said Lillie H. Seaman, the defendant George H. Robinson, or some one or more of the officers of said defendant the said Universal Talking Machine Company, fraudulently and intentionally, and with intent to deprive the purchasers of the bonds of the rights intended to be conferred upon them in accordance with said resolutions, and in violation of the power and instructions conferred upon them by said resolutions, caused the draftsman who drew said mortgage to omit from said mortgage, and not to embody therein, any provision authorizing the trustee therein named to take possession of the property therein described, or any portion thereof, should said trustee at any time deem the security of such bonds inadequate or unsafe. The complaint further alleged that the plaintiff accepted the trusteeship under said mortgage upon the belief and understanding that the same had been drawn in accordance with the agreement between the mortgagor company and the purchaser of the bonds, and was satisfactory to them, and without any knowledge that its terms did not correspond to said resolutions. The complaint further alleged that, at the time said mortgage was executed, the various patent rights which it was intended to convey as security were many of them in the shape of applications for patents, and that they had subsequently ripened into patents, and that under the covenants for further assurance the plaintiff is entitled to a formal assignment of the patents to it, and that no assignment or other instruments transferring to the plaintiff, as trustee under such mortgage, said patent rights and trade-marks, had ever been executed and delivered to the plaintiff by said defendant company, save and except the mortgage aforesaid. The complaint further alleged a certain re-organization agreement, and that certain judgments had been obtained against the said Universal Talking Machine Company, and that while the said mortgage was in full force the sheriff sold all the personal property of said defendant, including the patents, patent rights, and trade-marks aforesaid, to the defendant Edward S. Innet, and that said Innet, in purchasing the property aforesaid, acted in pursuance of said plan of reorganization, and that the Universal Talking Machine Company have executed assignments and transfers of said patents, patent rights, and trade-marks to said Innet. The complaint further alleged that the plaintiff duly demanded of said Innet the possession of said property, and an assignment and transfer of said patents, patent rights, and trade-marks, but that he refused to comply with said demand; also that a demand has been duly made upon the officers of the Universal Talking Machine Manufacturing Company and of the Universal Talking Machine Company that a new and proper mortgage, in accordance with the resolutions aforesaid, be executed and delivered to plaintiff to secure said issue of bonds, but that they have failed and refused to do so. The complaint further alleges that the Universal Talking Machine Company has failed to refile the mortgage within 30 days prior to the expiration of a period of 1 year from the date of its filing, whereby said mortgage has ceased to be a valid and subsisting lien against any parties purchasing said properties, or

any parts thereof, without the knowledge of said mortgage. Thereupon the plaintiff prayed for the relief above stated.

It is claimed upon the part of the plaintiff that it has made out a case coming within the principle laid down in Haack v. Weicken, 118 N. Y. 67, 23 N. E. 133. But we fail to find that it has in any way complied with the rule illustrated by the case cited. In order that there may be a reformation of an instrument, the plaintiff is bound to establish either that it was executed under a mutual mistake of fact, or that it was executed under a mistake upon the one side induced by fraudulent representations upon the other. There is no allegation whatever in the amended complaint bringing the case within the rule above cited. The only allegation in the complaint is that Lillie H. Seaman, the owner of $20,000 of these bonds, knew of the resolutions, and, relying upon the resolutions, purchased the same. There is no allegation that the stockholders who consented to the execution of the mortgage consented to the execution of any mortgage except that which was executed. It is perfectly clear that the board of directors could resolve as much as they pleased, but, until the stockholders assented to the mortgage drawn in accordance with the terms contained in the resolutions, the officers would have no power whatever to execute the same. Under the allegations of the complaint, the only mortgage to which the stockholders assented was the mortgage which was executed. There is no allegation that they were mistaken in regard to the terms of the mortgage; neither was there any allegation that they knew anything about the resolutions. Hence the one element of mutual mistake is absent, and the prior allegation of fraud means nothing, in view of the positive allegation in regard to the consent of the stockholders.

In regard to the claim that the defendant the Universal Talking Machine Company was required, under its covenant for further assurance, to execute additional assignments and transfers of patent rights where applications for bonds had ripened into patent rights subsequent to the execution of the mortgage, the allegations are insufficient to justify any such relief. There is no allegation whatever that any demand has been made upon the Universal Talking Machine Company for the execution of any instrument of further assurance. It is true that it is alleged that the plaintiff has demanded of Innet, who was in possession of the property, that he should assign the same, and that he refused to comply with such demand. But it is clear that this demand was not one founded upon the covenant of further assurance, but was founded upon the claim that, in consequence of the resolutions, the plaintiff was entitled to the possession of the property, and to an assignment of the patent rights. The same is true with regard to the Universal Talking Machine Manufacturing Company and the Universal Talking Machine Company. The allegation in regard to the demand upon them was that they should execute a new and proper mortgage in accordance with the resolutions aforesaid, clearly referring to the alleged right to a reformation of the mortgage in question.

It is difficult to see what cause of action the plaintiff had by reason of the failure upon the part of the defendants to refile the mortgage.

There is no allegation whatever in the first place that any creditor has acquired any rights superior to the mortgage as a result of its want of filing. All those persons who, it is alleged, became creditors of the company, became such while the mortgage was in full force under the proper filing, and Innet's title was acquired under similar circumstances. Besides, nothing is shown making it the duty of the defendants to refile this mortgage.

It does not appear, therefore, that any facts have been set forth in the complaint which would entitle the plaintiff to the relief demanded. The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to amend upon payment of costs in this court and in the court below. All concur.