EASTERN AIR LINES, INC., Respondent, *v.* TRANS CARIBBEAN AIRWAYS, INC., Appellant.

First Department, March 21, 1968.

*William J. Junkerman* of counsel (*Douglas B. Bowring* and *Carroll E. Dubuc* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for appellant.

*James F. Coughlin* of counsel (*Mendes & Mount,* attorneys), for respondent.

STEVENS, J. P. This is an appeal from an order which denied the motion of defendant Trans Caribbean Airways, Inc. (Trans Caribbean) to dismiss the complaint.

This action, in which plaintiff Eastern Air Lines, Inc. (Eastern) seeks reformation of a contract, was commenced on or about July 19, 1967. The contract, termed an Aircraft Maintenance Agreement, was executed between the parties on or about October 18–20, 1965. Plaintiff claims a mutual mistake of the parties so that the agreement, as executed, does not truly reflect the intent of the parties.

Under the terms of the agreement plaintiff undertook to perform a "block overhaul" of two DC-8F aircraft owned by the defendant. Article XI of the agreement, entitled "Liability", read in part as follows: "1. It is agreed that Eastern shall carry insurance against the risks of fire, windstorm and extended coverage perils providing against loss of or damage to the aircraft to be serviced hereunder while in Eastern's possession." Under the provisions of paragraph 2, defendant Trans Caribbean agreed to hold Eastern harmless against claims for injury or death arising out of the work. "Except for losses covered by paragraph 1 of this Article XI Trans Caribbean" agreed to "Carry appropriate policies of public liability and property damage insurance covering the risks against which it agrees to indemnify Eastern." Paragraph 3 of article XI stated that Trans Caribbean would provide Eastern with certificates of insurance indicating that the indemnity and hold-harmless provisions of paragraph 2 are insured as a contractual assumption of Eastern's liability. Such insurance was to remain in force during the term of the contract.

November 25, 1965, a fire occurred which substantially damaged one of the Trans Caribbean aircraft while it was in Eastern's possession.

On or about March 31, 1966, Trans Carribbean commenced an action for damages against Eastern for loss of the aircraft. The six causes of action stated therein were based on express contract, breach of implied contract and negligence. Eastern's answer contained counterclaims and defenses to the effect that under paragraph 2 Trans Caribbean undertook to hold Eastern harmless from any loss by fire while the aircraft was in Eastern's possession. Eastern also pleaded waiver and estoppel by reason of the delivery to Eastern of the certificates of insurance with waivers of subrogation in connection with paragraphs 2 and 3 of article XI. Eastern sought to recover for Trans Caribbean's failure to carry fire insurance and also to recover damages for legal services and disbursements. On motion of Trans Caribbean the defenses and counterclaims were stricken, Eastern's cross motion to dismiss the complaint was denied, and the orders entered thereon were unanimously affirmed on appeal (27 A D 2d 804). Subsequently, in July, 1967, Eastern commenced this action.

In its complaint Eastern alleges, in effect, that paragraph 1 of article XI does not mean what it says because it does not say what the parties intended it to mean. Eastern asserts that it was the actual intent of the parties that Eastern should perform the work without any requirement that Eastern obtain any additional insurance policy or policies or pay any additional premiums. Eastern alleges that it only learned of this mutual mistake on November 25, 1965, presumably after the fire occurred.

Trans Caribbean moved to dismiss the complaint on the following grounds: (1) documentary evidence sufficient to defeat Eastern's claim for reformation, (2) *res judicata* and collateral estoppel, (3) legal insufficiency and laches and, additionally, such other and further relief as may be just and proper. In opposition to such motion Eastern, by affidavit, asserted mutual mistake in that the parties assumed Eastern's regular insurance policies covered the work to be done without any need for additional policies at a premium cost of approximately $11,000. Thus, this lack of insurance coverage would be a fact extrinsic to the agreement.

The construction of paragraph 1 of article XI, that Eastern was obliged to provide fire insurance coverage while the plane was in Eastern's possession, was made in the action for damages brought by Trans Caribbean against Eastern. We do not say that an order may never be, in effect, a decision so as to fix rights of the parties. Here, however, the determination was made upon an interlocutory motion in a separate action

which action is still pending undetermined, and which did not result in any final judgment. Accordingly, the defenses of *res judicata* and collateral estopppel will not serve as grounds for dismissal of the complaint (*Bannon* v. *Bannon*, 270 N. Y. 484; *Perkins* v. *Guaranty Trust Co.*, 274 N. Y. 250, 264–265; cf. *Gunsberg* v. *Cantor*, 24 A D 2d 999).

Nor is appellant's contention that laches warrants dismissal persuasive. There is no showing or even any intimation that Trans Caribbean has altered its position or suffered any prejudice due to the lapse of time which intervened between the alleged discovery and commencement of this action.

While certain grounds advanced by defendant as the basis for its motion to dismiss have been rejected it does not follow that the complaint will stand. There is a presumption that a written instrument expresses the intention of the parties. "In order that there may be a reformation of an instrument the plaintiff is bound to establish either that it was executed under a mutual mistake of fact or that it was executed under a mistake upon the one side induced by fraudulent representations upon the other" (*Trust Co.* v. *Universal Talking Mach. Co.*, 90 App. Div. 207, 212). Plaintiff does not claim fraudulent representation but only mutual mistake. Before plaintiff "can be granted reformation, [*it*] *must establish* [*its*] *right to such relief by clear, positive and convincing evidence*. Reformation may not be granted upon a probability nor even upon a mere preponderance of evidence, but only upon a certainty of error" (*Amend* v. *Hurley*, 293 N. Y. 587, 595; 6 N. Y. Jur., Reformation of Instruments, § 49, p. 598).

The motion to dismiss was made pursuant to CPLR 3211 (subd. [a], pars. 1, 5 and 7). The parties submitted evidence which properly could be considered on a motion for summary judgment. The court, therefore, treats the motion as a motion for summary judgment (CPLR 3211, subd. [c]; 3212, subd. [b]). Plaintiff quotes at length from examinations before trial of defendant's officers or employees, and submits affidavits from its attorney and one of its employees who participated in negotiating the contract in question in opposition to the motion to dismiss. Giving the opposition documents a most generous construction they show, at most, a unilateral mistake. There is no evidence defendant knew of any belief of plaintiff that its existing policies provided sufficient fire coverage, or of plaintiff's intention to rely solely upon its then existing policies. More to the point, nothing is shown to indicate, if such belief in fact did exist, that defendant in any way contributed to the creation or existence of such belief. Nor is there any-

thing in the contract or the record which indicates in the slightest degree that defendant was mistaken in the facts or conclusions reasonably to be drawn therefrom as to its obligations. It is not shown that the parties made a mistake in reducing the terms of their agreement to writing or even that they were mutually mistaken as to some material fact of such agreement, such material fact being either omitted or included.

In a motion of this nature plaintiff is bound to come forward with evidentiary facts sufficient to raise a triable issue. The complaint and the documents on which plaintiff relies do not establish or raise an issue that the inclusion of paragraph 1 of article XI was the result of a mutual mistake of the parties. In its complaint plaintiff alleges discovery of the mistake on or about November 25, 1965. In one of its affidavits it seems to imply such knowledge was gained on or about June 6, 1967 as a result of examination of one of defendant's employees.

A mere claim of mutual mistake does not establish the fact. There is no evidence sufficient to raise the issue of mutual mistake. It thus becomes evident that plaintiff at a trial could not meet the standard of proof required to warrant the equitable relief of reformation.

Accordingly, the order entered November 8, 1967, herein appealed from, should be reversed on the law and the motion to dismiss the complaint and for summary judgment granted, with costs and disbursements to appellant.

EAGER, STEUER, CAPOZZOLI and McNALLY, JJ., concur.

Order unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and defendant's motion to dismiss the complaint granted, with $10 costs.