■ NEW YORK MERCHANDISE CO., INC., Appellant, v 23RD STREET PROPERTIES, Respondent.—Judgment, Supreme Court, New York County, entered March 17, 1975, in defendant's favor dismissing the amended complaint and granting recovery on defendant's counterclaim for over $47,000 plus interest following grant of summary judgment by order entered March 13, 1975, unanimously affirmed, with one bill of $60 costs and disbursements to respondent covering all three appeals. Order, Supreme Court, New York County, entered March 13, 1975, granting defendant's motion for summary judgment, unanimously affirmed. Order, Supreme Court, New York County, entered June 21, 1973, denying plaintiff's motion to amend its complaint to the extent plaintiff sought to set forth a fourth cause of action, unanimously affirmed. Plaintiff leased loft space in defendant's premises 32-46 West 23rd Street, New York, New York, pursuant to a written lease which contains an escalation clause providing for additional rent, to wit, article 40 set forth in the rider to the printed form. Asserting that it was misled by oral misrepresentation into believing that under this clause it would only be liable for aggregate wage increases paid by the defendant to porters actually working on the premises, plaintiff seeks reformation. Patently, article 40 does not relate to wages actually paid and utilizes as the basis for the escalation formula certain industry-wide percentage wage increases negotiated by a union representing the porters with the Realty Advisory Board (RAB). As aptly noted by Special Term (Frank, J.): "it can hardly be cogently argued that plaintiff relied upon alleged oral representations of the defendant, inconsistent with the language of the disputed escalation clause, especially in view of the advice and assistance rendered by plaintiff's own counsel. (*Zuyder Zee Land Corp. v Broadmain Bldg. Co.,* 86 NYS2d 827, affd 276 App Div 751, lv app den 276 App Div 834; *Charid Props. v Berger,* 37 AD2d 986, affd 32 NY2d 667.) Plaintiff's additional claim that it was misled by the caption of the escalation clause, i.e., *'Increase in Wages',* is similarly unconvincing, especially since the printed portion of the lease contains the standard lease clause: 32. The Captions are intended only as a matter of convenience and for reference and in no way define, limit or describe the scope of this lease nor the intent of any provision thereof." On its prior motion for leave to serve an amended complaint, plaintiff, *inter alia,* attempted to allege nondisclosure of defendant's relationship with the RAB as a fourth cause of action. Supreme Court properly denied this portion of

the motion on the ground that plaintiff was seeking reformation *only* and the way in which the RAB reached a collective bargaining agreement is unrelated to the issue of whether the lease as written expresses the agreement of the parties "and, if not, whether there was mutual mistake or mistake and fraud in reducing the agreement to writing". In conclusion, it is also noted that plaintiff has failed to demonstrate that the doctrine of unconscionability as enunciated in *Tai On Luck Corp. v Cirota* (35 AD2d 380, app dsmd 29 NY2d 747), is appropriately applicable herein. Article 40 at bar rests on an outside standard over which there is no evidence, on this record. that the respondent landlord has any power. Concur—Kupferman, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.