■ AMMEX WAREHOUSE COMPANY, INC., Respondent-Appellant, v MARIO A. PROCACCINO et al., constituting the State Tax Commission Appellants-Respondents. AMMEX-CHAMPLAIN CORP., Respondent-Appellant, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission Appellants-Respondents.—Except as previously modified, pursuant to so ordered stipulations dated June 16, 1976, judgments of the Supreme Court, New York County, each entered March 15, 1976, unanimously affirmed for the reasons stated by Fein, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Lupiano, Silverman and Capozzoli, JJ. [85 Misc 2d 327.]

■ GEORGE BACKER MANAGEMENT CORP., Appellant, v ACME QUILTING Co., INC., Respondent.—Order, Supreme Court, New York County, entered on June 24, 1976, insofar as it denied plaintiff's motion for leave to serve an amended complaint for additional rent which became due under the wage-escalation clause of the subject lease since commencement of this action, and which denied plaintiff's motion for summary judgment for the total amounts due under that lease, unanimously reversed, on the law, the motion to serve an amended complaint and for summary judgment granted as to liability, and an assessment ordered for the lease years 1972–1973, 1973–1974, and 1974–1975. Appellant shall recover of respondent $60 costs and disbursements of this appeal. In the absence of a showing of mutual mistake of fact or mistake on one side induced by fraudulent representation on the other side, there was no basis, legal or factual, to support defendant's claim for reformation (*Eastern Air Lines v Trans Caribbean Airways,* 29 AD2d 379, affd 23 NY2d 709). The wage-rate escalation clause may be complex but it is unambiguous (see *Romance Bridals v 1385 Broadway Co.,* NYLJ, Jan. 27, 1976, p 6, col 3 [Fein, J.]). It was incorporated into the lease following protracted discussions by experienced and qualified negotiators. As stated in an affidavit below the clause establishes "a simple formula to determine a tenant's liability for additional rent, based on increases in the Realty Advisory Board * * * wage rate for particular classes of employees as negotiated in an industry-wide collective bargaining agreement by RAB. It is not related to any actual expenditures incurred by Landlord, except where no such collective bargaining agreement is in effect". We have had occasion to uphold the validity of such a clause (see *New York Mdse. Co. v 23rd St. Props.,* 49 AD2d 849, mot for lv to app den 38 NY2d 707). Neither is the clause unconscionable so as to be condemned (*Tai On Luck Corp. v Cirota,* 35 AD2d 380, app dsmd 29 NY2d 747), and the acceptance by plaintiff of the base rent did not create an estoppel to the claims asserted here. Concur—Markewich, J. P., Murphy, Birns, Silverman and Capozzoli, JJ.