Herman Cahn, J.
Petitioner, Fred F. French Management Company, Inc. (hereinafter French), brings this summary proceeding based on an alleged failure to pay rent, against respondent, Richard A. Herrmann, M.D. (hereinafter Herrmann). The premises involved are the 36th floor of 595 Madison Avenue, New York, New York, which are commercial premises.
The parties entered into a lengthy lease in September, 1972, after negotiations by them and their attorneys. The lease required payment of base rent (admittedly paid/or tendered by Herrmann) and additional rent based on a percentage of the increase in real estate taxes payable by French, and a separate percentage of the increase in labor charges (as defined in the lease), payable by French.
Herrmann claims that the amount of his obligation for the increased costs referred to above, was to be only a "proper pro rata share” thereof, and that French would not collect more than 100% thereof from all the tenants combined. He also alleges that the escalation clauses herein referred to are unconscionable within the meaning of section 235-c of the Real Property Law.
French moves to strike the third, fourth and fifth affirmative defense for insufficiency, pursuant to CPLR 3211 (subd [b]). It is elementary that upon such a motion the court must assume the truth of every allegation in such pleading and every inference reasonably to be drawn therefrom. (Garvin v Garvin, 306 NY 118, 120.)
Herrmann alleges in his fourth affirmative defense, that the escalation clauses hereinabove referred to are unconscionable within the meaning of section 235-c of the Real Property Law. That section authorized the court to inquire into the claimed unconscionability of a clause in a lease, and grants the court the right to decline to enforce all or part of the lease. The *436 second paragraph of the section mandates that the parties be afforded a reasonable opportunity to present evidence as to the claimed unconscionability.
In considering section 235-c of the Real Property Law, it is helpful to note that it is substantially identical to section 2-302 of the Uniform Commercial Code, which relates to unconscionable contracts. The cases interpreting section 2-302 of the Uniform Commercial Code are relevant in examining section 235-c of the Real Property Law.
The question of the unconscionability of a lease is to be found by "the court as a matter of law”. (Real Property Law, § 235-c.) Section 2-302 of the Uniform Commercial Code has been similarly interpreted as raising questions for the court. (Wilson Trading Corp. v David Feguson, Ltd., 23 NY2d 398.)
Section 235-c of the Real Property Law requires a hearing when the issue of unconscionability is raised. The section states: "2. When it is claimed * * * that a lease * * * may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence”. Thus, a hearing is mandated, once the court has accepted the possibility or claim that the lease might be unconscionable. Similar language in section 2-302 of the Uniform Commercial Code has been interpreted in the same way. (Sinkoff Beverage Co. v Schlitz Brewing Co., 51 Misc 2d 446; Fleischmann Distilling Corp. v Distillers Co. Ltd., 395 F Supp 221, 233, n 18; Ellinghaus, In Defense of Unconscionability, 78 Yale LJ 757, 812, n 257.)
Here, the claim of unconscionability has been raised affirmatively in the answer. To prevail on such a claim, Herrmann will be required to prove the setting, purpose and effect of the clause claimed to be unconscionable. He must produce much evidence, some of which can only be obtained on discovery from French. No discovery proceedings have yet been had.
In view of all of this, a hearing on the question of unconscionability should be had at the trial (if no jury is demanded). Since this is a summary proceeding, the trial should not be long delayed. The motion should be denied as to the fourth affirmative defense.
The fifth affirmative defense claims that the lease provisions relating to the escalation clauses were entered into as a result of mutual mistake, or as a result of the unilateral mistake of fact of Herrmann, and the misrepresentations of French. Such allegations, if proven, are sufficient to entitle Herrmann to *437 reformation of the lease. (Backer Mgt. Corp. v Acme Quilting Co., 55 AD2d 535.)
The motion should be denied.