Orest v. Maresca, J.
This is a nonpayment summary proceeding in which petitioner landlord is suing respondent tenant for additional rent in the sum of $16,300 pursuant to a labor rate escalation clause in their lease.
Petitioner and respondent have agreed, on the record, that the tenant has paid all other claims that were contained in the original petition.
At the trial of this proceeding, respondent’s principal, testified as petitioner’s witness. Upon being shown an agreement of lease dated April 2, 1969 between respondent’s former landlord and respondent tenant, he testified that said lease was the second entered into for the premises occupied by respondent tenant. He further testified that during the negotiations and execution of said lease, respondent tenant was represented by an attorney.
Said lease dated April 2, 1969 was then admitted into evidence as landlord’s exhibit
*880 "1”. Paragraph 39 of said lease contains a labor rate escalation clause which provides as follows: "39. Labor Rate Escalation: For the purpose of this article, the term 'Labor Rate’ shall mean the regular hourly rate plus taxes and benefits incident or applicable thereto, determined as follows:
The minimum regular hourly wage rate for porters in loft or office buildings as classified by the Realty Advisory Board on Labor Relations Inc. and from time to time established by agreement between the Realty Advisory Board on Labor Relations Inc. and Local 32B of the Building Service Employees International Union AFL-CIO or by the successors to either or both of them; (this rate shall be used in computations under this article whether or not porters’ wages are actually paid by or for the landlord or by independent contractors who furnish such services to the demised premises).
If the labor rate in effect in any calendar year subsequent to December 31, 1969 shall exceed the labor rate in effect as of the date of execution of this lease, Tenant shall pay the additional rent for such calendar year in an amount computed at the rate of 2i¿ per square foot of rental area of the demised premises for each 1% that the labor rate for said calendar year exceeds the labor rate in effect as of the date of this lease.
For the purpose of this article, the parties hereto agree that the demised premises consist of 10,000 square feet of rental area. The tenant agrees, within thirty days after receipt from the landlord of a detailed statement showing the computation of the labor rate, to pay the sum stated as the additional rent thereon to the landlord.”
Landlord’s agent then testified that upon calculating the labor escalation rate pursuant to paragraph 39 of aforesaid lease it was determined that tenant owed petitioner the sum of $16,300 for the year, 1976.
He further testified that a bill was prepared by landlord and rendered to tenant stating that the sum of $16,300 was due for labor escalation for the year, 1976. Tenant then offered a copy of said bill into evidence and it was admitted as tenant’s Exhibit "A”. Tenant, thereafter, attempted to examine the landlord’s agent as to the contents of the bill and its accuracy and the court ruled that the document speaks for itself and precluded further examination of the exhibit.
The issue before this court is, whether or not the labor rate *881 escalation clause in the aforesaid lease is a valid provision thereof.
It is the respondent tenant’s contention that: (1) "should the landlord be allowed to collect the $16,300 as additional rental it would in fact be an unjust enrichment entirely above and beyond the rental agreed upon between the former landlord and this tenant,” and (2) the court has the legal right and duty to declare the labor rate escalation clause unjust and unconscionable. (Real Property Law, § 235-c.)
Where, as in the instant case, the contracting parties have stated the terms of their agreement by language which makes clear their intention, the courts have held, that: "If the court finds as a matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case. Plain and unambiguous words, undisputed facts, leave no question of construction except for the court. The conduct of the parties may fix a meaning to words of doubtful import. It may not change the terms of a contract.” (Brainard v New York Cent. R. R. Co., 242 NY 125, 133; Heller & Henretig v 3620-168th St., 302 NY 326; West, Weir & Bartel v Carter Paint Co., 25 NY2d 535.)
In the case of Romance Bridals v 1385 Broadway Co. (NYLJ, Jan. 27, 1976, p 6, col 3, Fein, J.), plaintiffs, commercial tenants, sued in Supreme Court for a judgment declaring their rights and obligations to pay additional rent under certain rent escalation clauses. Plaintiffs contend that additional rent agreed to be paid was intended to cover actual increases in real estate taxes and/or operating expenses incurred by landlord, whereas the additional rent charged greatly exceeded such increases. The court held: "Although the formula may seem complicated in its application and provide for substantial increases it certainly is not ambiguous. Plaintiffs are bound by their signatures although it now appears they may have made bad bargains. There is no basis for finding that the leases are unconscionable.”
The validity of wage rate escalation clauses have often been upheld in New York. (New York Mdse. Co. v 23rd St. Props., 49 AD2d 849; Rich v Don-Ron Trousers Corp., 74 Misc 2d 259.)
In Backer Mgt. Corp. v Acme Quiltilng Co. (55 AD2d 535), the Appellate Division, First Department, held that there was no basis to support tenant’s claim for reformation, and that the unambiguous wage rate escalation clause, which was *882 incorporated into the lease following protracted discussions by experienced and qualified negotiatiors, was valid.
Recently, the Appellate Term of the Second and Eleventh Districts held in Rembrook Realty Corp. v Fishman (NYLJ, April 29, 1977, p 14, col 2), that in an action for additional rent pursuant to a written lease, "it is the opinion of this court that the tax and labor escalation riders created a valid and enforceable obligation for which defendant is liable.”
This court, as trier of the facts, finds that there is no basis for finding that the labor rate escalation clause in the lease between the parties, was unconscionable.
Accordingly, petitioner is granted final judgment of possession, together with judgment in the amount of $16,300 plus interest from June 1, 1976.