OPINION OF THE COURT
George L. Cobb, J.
In this CPLR article 78 proceeding, the petitioner, a common carrier of goods, challenges the respondent’s determina *450 tion that it must pay the tax imposed by section 471 of the Tax Law upon certain cigarettes which were stolen, while such were in its possession.
On December 14, 1973, R. J. Reynolds Tobacco Company at Albany, New York, delivered a quantity of untaxed cigarettes to petitioner for delivery to a consignee in Poughkeepsie, New York, but before such delivery occurred they were stolen. Thereafter, respondent demanded that petitioner pay the tax and after a hearing, the respondent has determined that such demand was fully justified.
Subdivision 1 of section 471 of the Tax Law imposes a tax on "all cigarettes possessed in the state by any person for sale” and for this purpose, subdivision 3 of section 470 of the Tax Law defines "sale” to mean "any transfer of title or possession or both, exchange or barter, conditional or otherwise, in any manner or by any means whatever or any agreement therefor.” The respondent argues that the statutory definition is broad enough to sustain its said determination.
While the petitioner at the time of the theft unquestionably "possessed in the state” the subject cigarettes and the theft clearly effected a transfer of that possession from the petitioner to the thief, it is equally obvious that petitioner did not acquire that possession so that it could transfer it to the thief. Accordingly, it may not be said that the petitioner possessed these cigarettes for sale even under the broad statutory definition of that term. The petitioner’s possession of the subject goods was for the primary purpose of transporting them to Poughkeepsie, New York and as an incident thereto, there delivering possession to another, but the only delivery that was contemplated was a delivery to a person lawfully entitled to possession. As a matter of law, then, there was not and could not be any proper basis for the issuance of the determination complained of.
The respondent says that the subject determination is supported by the ruling of the Appellate Division of this Department in Matter of Mandel Tobacco Co. v State Tax Comm. (58 AD2d 930) wherein the court sustained a determination of the respondent which imposed liability upon a wholesale dealer in tobacco products for the unpaid tax upon cigarettes which had been stolen from the said dealer’s premises, but the case is clearly distinguishable from this case upon its facts. It should be noted that, with certain exceptions not here relevant, the *451 statute here (Tax Law, § 471, subd 2) imposes liability for this tax only upon persons who meet the statutory definition of agent as that term is defined in subdivision 9 of section 470 of the Tax Law. Under the current regulations of the respondent (20 NYCRR 331.6 [b]), petitioner is not, and could not become, an agent whereas the petitioner in Matter of Mandel had that status.
In further support of its position, respondent points out that it is entitled to the statutory presumption that "all cigarettes within the state are subject to tax unless the contrary is established, and the burden of proof that any cigarettes are not taxable hereunder shall be upon the person in possession thereof’ (Tax Law, § 471, subd 1). The court believes that the quoted language concerning burden of proof is applicable only in resolving disputed factual issues and accordingly, has no application when, as here, only questions of law need be answered (cf. McKinney’s Cons Laws of NY, Book 1, Statutes, § 313, subd c).
Lastly, the court notes that if this determination is upheld the statutory objective that "the ultimate incidence of and liability for the tax shall be upon the consumer” (Tax Law, § 471, subd 2) cannot be realized.
The prayer of the petition will be granted.