◼ In the Matter of HARDER'S EXPRESS, INC., Respondent, v STATE TAX COMMISSION, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered March 9, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, annulled the determination of the tax commission and vacated a tax deficiency assessed against petitioner. On December 14, 1973, R. J. Reynolds Tobacco Company at Albany, New York, delivered a quantity of untaxed cigarettes to petitioner, a common carrier, for delivery to a consignee in Poughkeepsie, New York. The cigarettes were stolen from petitioner on December 17, 1973 prior to delivery to the consignee. The State Tax Commission thereafter demanded that petitioner pay the cigarette tax and levied an assessment of $450. Special Term annulled this determination holding that the theft of the cigarettes did not constitute a sale as contemplated and defined by subdivision 1 of section 471 of the Tax Law, that petitioner as a common carrier was not an agent for sale as defined in subdivision 9 of section 470 of the Tax Law or under current regulations of the State Tax Commission (see 20 NYCRR 331.6 [b]), and that the statutory objective of making the consumer eventually bear the tax burden would not be met by imposing the tax on the petitioner. The court also ruled that the issue presented was solely one of law. All cigarettes possessed in this State are subject to tax at the rate of 7½ cents for each 10 cigarettes or fraction thereof (Tax Law, § 471, subd 1). A sale is defined as "any transfer of title or possession or both, exchange or barter, conditional or otherwise, in any manner or by any means whatever or any agreement therefor" (Tax Law, § 470, subd 3). The tax may be imposed only once on the same package of cigarettes (Tax Law, § 471, subd 2). The primary liability for the tax payment rests on the agent (Tax Law, § 471, subd 2), that is, the party authorized by the tax commission to purchase and affix the tax stamps on cigarette packages (Tax Law, § 470, subd 9). Petitioner is not an agent. A cigarette use tax is assessed when the number of cigarettes used is over 400 (Tax Law, § 471-a). Use is defined as "the exercise of any right or power actual or constructive and shall include but is not limited to the receipt, storage or any keeping or retention for any length of time, but shall not include possession for sale." (Tax Law, § 471-a.) On this appeal the State Tax Commission contends that petitioner's undisputed possession of the unstamped cigarettes clearly imposes a tax and that the theft constituted a transfer of possession under the definition of sale in subdivision 3 of section 470 of the Tax Law. We disagree. The issue herein appears to be one of first impression. However, it is helpful to note that in *Ammex Warehouse Co. v Procaccino* (85 Misc 2d 327, affd 55 AD2d 535), the court held that corporations engaged in selling cigarettes, liquor and other items for export to persons crossing the United States border into Canada were exempt from State tax. The court reasoned that since there was no sale for use within New York, mere delivery of the cigarettes within the State did not termi-

nate the exportation process and that there was no completed sale in New York. Similarly, we conclude that mere change of physical custody does not constitute a sale of cigarettes. (See, also, *People v Mulcahey,* 18 NYS2d 392.) These cigarettes were in the sales distribution process when stolen. A common carrier does not possess cigarettes for use as a consumer, but only for the purpose of facilitating a sale. No completed sale had occurred. Furthermore, the cigarette tax, by its terms, is to be paid by dealers or agents (Tax Law, § 471, subd 2). Article 20 of the Tax Law, therefore, is not applicable to the instant transfer of cigarettes by theft. The judgment should be affirmed. Of course, it is the duty of the agency responsible for the administration of a statute to determine the construction of its terms *(Matter of Levine v Levitt,* 63 AD2d 787, 788) and the agency's construction must be upheld unless it is irrational or unreasonable *(Matter of Bernstein v Toia,* 43 NY2d 437). However, the State Tax Commission's interpretation that article 20 of the Tax Law imposes cigarette use tax liability on a common carrier for cigarettes stolen en route is unreasonable. Judgment affirmed, with costs. Greenblott, J. P., Staley, Jr., Main and Mikoll, JJ., concur.

Herlihy, J., dissents and votes to reverse in the following memorandum. Herlihy, J. (dissenting). Upon the present record there can be no doubt that the cigarettes were in New York for the purpose of being used. The petitioner obtained possession in Albany, New York, on December 14, 1973 and the delivery was to be in New York. We are not involved with either interstate or foreign commerce and the restrictions on taxing items in regard to such commerce (cf. *Ammex Warehouse Co. v Procaccino,* 85 Misc 2d 327, affd 55 AD2d 535). I agree with the majority that the cigarettes were not possessed by the petitioner for sale within the meaning of section 471 of the Tax Law and there was no sale by virtue of a transfer of possession within the meaning of subdivision 3 of section 470 of the Tax Law. However, pursuant to the plain language of section 471-a of the Tax Law, there was a use of the cigarettes by the petitioner and, since it has not been established that any of the exceptions specified in the said section 471-a are applicable, the tax was properly imposed. Pursuant to section 471-a of the Tax Law, the taxable event is not the theft or sale of the cigarettes but rather the possession for a purpose other than sale. The section provides in part: "For purposes of this article, the word 'use' means the exercise of any right or power actual or constructive and shall include but is not limited to the receipt, storage or any keeping or retention for any length of time, but shall not include possession for sale." Subdivision 1 of section 471 provides in part: "It shall be presumed that all cigarettes within the state are subject to tax until the contrary is established, and the burden of proof that any cigarettes are not taxable hereunder shall be upon the person in possession thereof." The State Tax Commission found that the taxpayer had failed to meet the burden of overcoming the presumption. There is a rational basis for the commission's decision and thus the judgment appealed from should be reversed, and the petition should be dismissed. [93 Misc 2d 449.]