■ ADELPHIA LAMPS & SHADES, INC., Doing Business, as REMINGTON LAMP Co., et al., Appellants, v 41 MADISON AVENUE COMPANY, Respondent. —Order and judgment of the Supreme Court, New York County, entered respectively on February 8, 1978 and February 28, 1978, granting defendant's motion to dismiss the complaint, reversed, on the law, motion to dismiss denied, and matter remanded to Special Term with the direction that the motion be treated as one for summary judgment under CPLR 3211 (subd [c]), without costs. The separate appeal from the order, entered February 8, 1978, is dismissed as subsumed in the appeal from the judgment, entered February 28, 1978. In their complaint, the plaintiff tenants allege that the escalation clause in article 23 of their commercial leases with defendant landlord is unconscionable under section 235-c of the Real Property Law. When the complaint is read most favorably to the plaintiffs, it states a valid cause of action. The court at Special Term should not have granted the motion to dismiss since that motion was merely addressed to the legal sufficiency of the pleading under CPLR 3211 (subd [a], par 7). (*Rovello v Orofino Realty Co.,* 40 NY2d 633.) However, prior case law suggests that there may not be any merit to plaintiffs' challenge to this type

of escalation clause *(Backer Mgt. Corp. v Acme Quilting Co.,* 55 AD2d 535, affd 46 NY2d 211; *New York Mdse. Co. v 23rd St. Props.,* 49 AD2d 849). Therefore, we remand this matter to Special Term with the direction that adequate notice be given to the parties and that the motion be treated as one for summary judgment under CPLR 3211 (subd [c]). Plaintiffs' contention that a hearing must automatically be afforded to them under subdivision 2 of section 235-c of the Real Property Law is incorrect. *(Euclid Ave. Assoc. v City of New York,* 64 AD2d 550; see, also, *Backer Mgt. Corp. v Acme Quilting Co.,* 55 AD2d 535, affd 46 NY2d 211, 218, *supra.)* Subdivision 2 of section 235-c of the Real Property Law provides: "2. When it is claimed or appears to the court that a lease or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its setting, purpose and effect to aid the court in making the determination." Plaintiffs need only be afforded an opportunity to present evidence that the subject clause is unconscionable. Upon remand, they may present such evidence on the motion for summary judgment. Concur—Murphy, P. J., Birns, Fein, Markewich and Ross, JJ.