█ In the Matter of the Liquidation of CONSOLIDATED MUTUAL INSURANCE COMPANY. ARCADE CLEANING CONTRACTORS, INC., Respondent; SUPERINTENDENT OF INSURANCE, as Liquidator of Consolidated Mutual Insurance Company, Appellant. — Appeal by the Superintendent of Insurance from so much of an order of the Supreme Court, Kings County (Leone, J.), dated April 7, 1982, as (1) denied the superintendent's motion to confirm a report of the referee; (2) invalidated the determination of the superintendent, confirmed by the referee, which disallowed the claim of Arcade Cleaning Contractors, Inc., for payment of the sum of $1,500 from the New York Property and Liability Insurance Security Fund; and (3) directed the superintendent, as liquidator of the Consolidated Mutual Insurance Company, to pay Arcade the sum of $1,500, pursuant to the provisions of section 334 of the New York Insurance Law. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion of the Superintendent of Insurance to confirm the report of the referee is granted. Special Term erred in ordering the superintendent to compensate Arcade Cleaning Contractors, Inc., from the New York Property and Liability Insurance Security Fund (security fund). It is now well established that payments from the security fund are restricted to the types of insurance policies listed in the statute (*Matter of Professional Ins. Co. of N. Y. [Jason—Superintendent of Ins. of State of N. Y.]*, 67 AD2d 850, affd 49 NY2d 716; *Matter of Allcity Ins. Co. [Kondak]*, 66 AD2d 531). Subdivision 2 of section 334 of the Insurance Law, which specifies the types of insurance claims which may be paid from the security fund, does not permit compensation in this situation. The policy at issue on this appeal insured Arcade against any third-party action seeking indemnification. The injury underlying this action was to one Gerard, an employee of Arcade. The policy lies within the parameters of subdivision 15 of section 46 of the Insurance Law, which states: " 'Workmen's compensation and employer's liability insurance,' meaning insurance against the legal liability, whether imposed by common law or by statute or assumed by contract, of any employer for the death or disablement of, or injury to, his or its employee, including volunteer firemen's benefit insurance provided pursuant to the volunteer firemen's benefit law." The policy in the instant case addresses "employer's liability insurance" within the meaning of the aforesaid statute (see *Green Bus Lines v Consolidated Mut. Ins. Co.*, 74 AD2d 136). Subdivision 2 of section 334 of the Insurance Law does not permit payment from the security fund for claims arising under this statutory subdivision. Consequently, we find that Special Term's conclusion to the contrary was

erroneous. Moreover, Special Term erred in refusing to defer to the administrative determination that payment from the security fund was improper, since it did not find that this conclusion was irrational or unreasonable (see *Matter of Bernstein v Toia,* 43 NY2d 437; *Matter of Harder's Express v State Tax Comm.,* 70 AD2d 1010, affd 50 NY2d 1050). Gulotta, J. P., Brown, Rubin and Boyers, JJ., concur. [114 Misc 2d 71.]