### ALDEN SPEARE'S SONS CO. v. CASEIN CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

CONTRACTS—CONSTRUCTION—CONDITIONS PRECEDENT.

Under a contract whereby defendant, a corporation, agreed to buy the entire holdings of plaintiff in the common and preferred stock in a corporation, and of another, who, together with defendant and a fourth person, owned all the stock of the corporation, the common at $5 per share, payable in preferred stock of defendant at par, and the preferred stock at par, with interest, in cash, which defendant agreed to pay within two years, the plaintiff to retain the preferred stock until payment, and whereby it was also agreed that such fourth person, owning the remainder of the stock, should accept similar propositions covering its holdings of common and preferred stock, and that the corporation whose stock was

to be bought had entered into no contracts considered objectionable by counsel for defendant, the agreements that the owner of the remainder of the stock should accept similar propositions covering its holdings and that the corporation had entered into no contracts considered objectionable by counsel for defendant were not conditions precedent to plaintiff's right to recover for the preferred stock that defendant agreed to purchase, but were at most independent agreements, a violation of which would justify an action against plaintiff for damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1015–1032.]

Appeal from Special Term.

Action by the Alden Speare's Sons Company for breach of contract to purchase corporate stock against the Casein Company of America. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

William F. Delaney, for appellant.
William S. Haskell, for respondent.

INGRAHAM, J. The original complaint in this action was demurred to, which demurrer was sustained. 53 Misc. Rep. 58, 103 N. Y. Supp. 1015. It was then alleged in relation to the contract that "all of the conditions above named were fulfilled or waived by the defendant," and it was held by the Special Term that facts showing performance or a waiver must be alleged without qualification, and the demurrer was sustained, whereupon the plaintiff served an amended complaint, by inserting in lieu of that allegation the sixth and seventh clauses of this amended complaint. The defendant again demurred, which demurrer has been overruled at Special Term.

The plaintiff, a domestic corporation, sues to recover the amount that the defendant, a foreign corporation, agreed to pay the plaintiff for certain stock that the defendant agreed to purchase from the plaintiff. The complaint alleges that on the 1st day of June, 1903, the common and preferred stock of the Water Paint Company of America, a domestic corporation, were held or controlled by four persons, the plaintiff, the defendant, the Frank S. De Ronde Company, and the J. S. & W. Bird Company; that the plaintiff held or controlled 2,943 shares of common stock and 65 shares of preferred stock of said company; that an agreement was entered into by the defendant with the plaintiff for a good and valuable consideration, by which the defendant agreed to buy the entire holdings of the plaintiff and Bird & Co. of the common and preferred stock in the Water Paint Company of America, the common stock for $5 per share, payable in preferred stock of the defendant corporation at par, and the preferred stock at par, with 7 per cent. interest, in cash, which the defendant agreed to pay within two years from July 1, 1903, the plaintiff to retain such preferred stock until payment. It was also agreed that the F. S. De Ronde Company, the owner of the remainder of the stock of the Water Paint Company, should accept similar propositions covering its holdings of common and preferred stock, and that the Water Paint Company had entered into

no contracts considered objectionable by counsel for the defendant. The complaint then alleges that the plaintiff delivered to the defendant the common stock of the Water Paint Company, amounting to 2,943 shares, and that the defendant received the same and delivered to the plaintiff in return therefor preferred stock of the defendant corporation, the amount called for by the contract; that Bird & Co. transferred and delivered to the defendant the common stock of the said Water Paint Company held or controlled by them, and received in payment therefor from the defendant preferred stock of the defendant, and Bird & Co. also agreed to sell the preferred stock of the Water Paint Company to the defendant at $100 per share, and $7, the dividend, to be payable within two years from July 1, 1903. It is also alleged that the defendant, by accepting the common stock of the Water Paint Company and by delivering its own preferred stock to the plaintiff therefor, waived the conditions contained in the said agreement between it and the plaintiff, namely, that the De Ronde Company should make or accept a proposition exactly similar to that made and accepted by the defendant from the plaintiff; that after the expiration of the said two years the plaintiff duly tendered its holdings of preferred stock of the Water Paint Company to the defendant and demanded payment, but that the defendant refused to accept the stock or to pay therefor, and has thereby repudiated and broken its contract with the plaintiff, but has retained the common stock received by it thereunder; and the action is brought to recover the amount that the defendant agreed to pay for the plaintiff's preferred stock.

I do not understand upon what principle it can be said that the third and fourth clauses of this agreement, as set up in the complaint, were conditions precedent to the plaintiff's right to recover for the preferred stock that the defendant agreed to purchase. The performance of these agreements is not alleged as a condition. The utmost that can be said is that they were independent obligations by the plaintiff that the De Ronde Company would make or accept a similar proposition, and that the Water Paint Company had entered into no contract considered objectionable by counsel for the defendant. It would seem that these were independent agreements, a violation of which might justify an action against the plaintiff for damages, or a counterclaim in this action, if damages were sustained; but upon the allegations of the complaint as it stands I do not see how it can be said that a failure by the De Ronde Company to make or accept a similar proposition as to the stock owned by it, or that the Water Paint Company had entered into contracts considered objectionable by defendant's counsel, is any reason why the defendant should not carry out its contract to buy the stock of the Water Paint Company. If there is any such defense, it must be taken by answer.

I do not think that the decision on the former demurrer can be sustained. In Bank of Montreal v. Recknagel, 109 N. Y. 482, 17 N. E. 217, it is said that, to make a provision in a contract a condition precedent, it should be obvious from a reading of the writings of the parties that such was the understanding. There is nothing in this contract as alleged to show that it was the object of the defendant

to acquire the entire stock of the Water Paint Company, or that these covenants were intended to be conditions precedent; but it is entirely clear that the defendant, having acquired the common stock of the plaintiff and Bird & Co., cannot hold that stock and repudiate its obligation to carry out the other provisions of the contract. It cannot get the benefit of a part performance and refuse to perform the other provisions of the contract. It appears, however, from the contract as alleged, that two clauses, as to the De Ronde stock and the approval by the defendant's counsel to the contracts of the Water Paint Company, were not conditions precedent, because they were not to be performed until after a partial performance of the contract was to be had. The common stock was to be transferred immediately, while those other provisions were to be subsequently complied with. Having accepted the advantage of past performance, the defendant could not refuse to comply with its other obligation, because the plaintiff had not shown that these other covenants had been complied with. I think it clearly appears from the contract itself that the covenants are simply independent agreements between the parties, and that the utmost that the defendant was entitled to would be to offset or counterclaim any damages that it sustained because they were not complied with.

The authorities cited, where a sum of money was sought to be recovered upon a building or other contract, in relation to the necessity of an allegation of a compliance with the contract by the party seeking to recover the compensation for such a compliance, have no application to this agreement.

We think, therefore, that this was a good cause of action, and that the judgment should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer within 20 days, on payment of costs in this court and in the court below. All concur.