THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM GROPPI, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond, convicting the defendant of the crime of bookmaking under section 986 of the Penal Law unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

SALVATORE RE, Respondent, v. E. LEON DIAMOND and HERMAN WIESENTHAL, Appellants.— Judgment reversed on the law, with costs, and complaint dismissed, without costs. Plaintiff bought a business and an assignment of lease from defendant Diamond, and claims that he was defrauded by said defendant and the codefendant, who is an attorney at law, and seeks to have the transaction rescinded. The proof, however, shows that plaintiff did not rely upon misrepresentations of defendants as to a material fact, and was not misled by their concealment of such material fact, but he relied upon an investigation made by his own lawyer. Under such circumstances equity will not decree rescision. (1 Black on Rescission and Cancellation [2d ed.], § 121; 12 R. C. L. p. 361; Smith on the Law of Fraud, p. 79; 2 Pomeroy's Equity Jurisprudence [4th ed.], §§ 893, 895; *Farnsworth* v. *Duffner*, 142 U. S. 43; *Horton* v. *Reynolds*, 65 F. [2d] 430.) Even if all essential elements of fraud had been proved, as defendant Wiesenthal, acting as agent for defendant Diamond, received no part of the alleged proceeds of the fraud, he may not be held for damages in an action in which it is sought to rescind the entire transaction. (*Commercial Credit Corporation* v. *Wells*, 228 App. Div. 402; *Harriss* v. *Tams*, 258 N. Y. 229.) It seems the judgment obtained in the Municipal Court by defendant Diamond against plaintiff on one of the notes, which was given in part payment of the sale of the business and the assignment of the lease, is not an adjudication that would bar this action. (2 Freeman on Judgments [5th ed.], § 795; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Independent Harvester Co.* v. *Tinsman*, 253 Fed. 935, cited with approval in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) Lazansky, P. J., Carswell and Davis, JJ., concur; Johnston and Adel, JJ., concur for reversal of the judgment and dismissal of the complaint as against defendant Wiesenthal, but dissent and vote to affirm the judgment as against defendant Diamond.

MAXWELL RUBIN, Respondent, v. FRANCIS E. LAIMBEER, Appellant, and SAMUEL MARCUS, ISIDOR WELS and KEITH LORENZ, Defendants.— Appeal from order, claimed in the notice of appeal to deny the appealing defendant's motion to strike out certain allegations from the complaint, dismissed, with ten dollars costs and disbursements to the respondent. The appeal must be dismissed for two reasons: *First*, the order appealed from does not deny the motion of said defendant in the respects stated in the notice of appeal, and makes no disposition at all as to that portion of said defendant's motion with respect to paragraphs 14, 15, 16, 19, 21, 22, 23, 24, 25, 26, 29 and 40; *second*, the order was entered on appellant's own motion. Lazansky, P. J., Hagarty, Davis and Johnston, JJ., concur; Carswell, J., not voting.