■ EDWARD SOWINSKI et al., Respondents, v. CORTELLE CORPORATION et al., Appellants, et al., Defendant.— Appeal by defendants other than Jay Kapin from a judgment of the Supreme Court, Nassau County, entered October 5, 1972, which, after a nonjury trial, *inter alia* adjudged that a certain deed to certain real property is a mortgage. Judgment affirmed, with costs. No opinion. Latham, Acting P. J., Brennan and Benjamin, JJ., concur; Cohalan, J., concurs, with the following memorandum, in which Munder, J., concurs: I concur for affirmance upon the ground the record substantiates that appellant Berlin, both individually and acting on behalf of Westnau Land Corp., agreed to and admittedly did offer to execute a deed of reconveyance to plaintiffs. But I do not agree that plaintiffs were the victims of fraud. They could not very well have been defrauded, when, as in this instance, they were told by their own attorney that, in the absence of a clause in the contract granting them an option to repurchase, the oral agreement to reconvey would be unenforceable. For, as noted in New York Jurisprudence (vol. 24, Fraud and Deceit, § 163, pp. 230–231), "one is not entitled to relief on the ground of false representations where, instead of relying upon them, he resorts to other means of knowledge or information, as where he relies   *   *   *   or upon an investigation made by his own lawyer". (See *Re* v. *Diamond*, 249 App. Div. 781, affd. 274 N. Y. 606; *Zuyder Zee Land Corp.* v. *Broadmain Bldg. Co.*, 86 N. Y. S. 2d 827, affd. 276 App. Div. 751.)

■ JOYCE ZEEVE, Appellant, v. ALEXANDER ZEEVE, JR., Respondent.— In an action for separation, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County, dated June 6, 1972, as, upon her motion for temporary alimony and child support and a counsel fee and upon defendant's cross motion with respect to certain personal property, granted the cross motion to the extent of directing plaintiff "to refrain from interfering in any way with the defendant's possession of the inventoried items constituting the collection admittedly purchased and owned exclusively by the defendant". Order reversed insofar as appealed from, with $20 costs and disbursements to appellant, and defendant's cross motion granted to the extent that both parties are restrained from exercising any independent dominion over the collection of antiques, art and bric-a-brac on the premises of the marital residence until a determination is made with respect thereto after trial of the action. There is an issue of fact as to the ownership of the personal property in question and therefore title to the property should not have been determined by an order upon the return of a motion under section 234 of the Domestic Relations Law and in the absence of an inventory of the property and a hearing. Latham, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.