ROBERT TENNANT et al., Appellants, *v.* GENE MILLINGTON et al., Respondents.

Third Department, March 20, 1975.

*John S. Hall (James W. Cooper* of counsel), for appellants.

*Gordon K. Garlick* for respondents.

GREENBLOTT, J. P. This is an action for specific performance of a contract for the sale of one-half acre of real property from defendants to plaintiffs. Defendants are the owners of a parcel of land consisting of approximately 32 acres in the Town of Bolton. By alleged oral agreement in January of 1972, defendants agreed to convey one half of an acre to the plaintiffs for a purchase price of $420. Said purchase price was allegedly paid by plaintiff Robert Tennant to defendant Gene Millington, and a receipt therefor was given, signed by Gene Millington, acknowledging " Payt [*sic*] in full for ½-one half-acre of land to Border Tekla Ruf and Road ". Plaintiffs also allege that they had agreed to furnish a survey " of the above described premises. That thereafter plaintiffs did ascertain that in order to have the above said half acre parcel surveyed, all of the above described land owned by [defendants] * * * would have to be surveyed ".

Defendants did not interpose an answer but moved, under CPLR 3211 (subd. [a], par. 5), to dismiss the complaint on the ground of unenforceability of the contract pursuant to the Statute of Frauds (General Obligations Law, § 5-703),

Plaintiffs responded to this motion by alleging that performance sufficient to take the contract out of the Statute of Frauds and by further alleging that, in any event, the receipt constituted a sufficient memorandum to satisfy the requirements of the Statute of Frauds. Special Term noted a number of deficiencies in the alleged memorandum which raised questions as to its sufficiency. We are of the view that, at this stage of the proceedings, the adequacy of the identification of the parcel intended by the parties to be conveyed, the necessity of naming both vendors in light of their marital status, and other deficiencies, raise questions which could, as Special Term noted, " conceivably  *  *  *  be rectified by appropriate parol evidence  *  *  * to delineate the precise subject matter ". (See *Miller* v. *Tuck,* 95 App. Div. 134.) We are also of the view that acceptance by at least one of the defendants of the full purchase price is sufficient part performance to at least raise a question as to whether equity compels, in the circumstances presented, the granting of specific performance.

However, Special Term dismissed the complaint upon its determination that plaintiffs' failure to furnish the survey constituted a failure of a condition precedent so as to disentitle them to performance by defendants. Although the court noted that plaintiffs, who had indicated their willingness to accept a metes and bounds description in the conveyance, could waive a survey insofar as any benefits thereof would accrue to them, it further found that the survey requirement was also for the benefit of the defendants and, therefore, plaintiffs had not performed all that was required of them. As we examine the language of the allegation in plaintiffs' complaint, it is amenable to an interpretation that a survey was contemplated only of the parcel to be conveyed to plaintiffs. Nowhere in their moving papers have defendants alleged that the requirement of a survey was indeed for their benefit and thus a material part of the contract, and it appears to us that a finding by the court to the contrary prior to the receipt of evidence constitutes impermissible speculation. It is conceivable that plaintiffs had desired a survey only as a condition to acceptance of a deed with a survey description, wherefore they could waive a survey by agreeing to accept the deed with a description in a different form, and the acceptance by defendants of the full purchase price suggests that a trier of facts could determine that the survey requirement was not a material condition precedent. If said survey could not be undertaken without giving the defendants a windfall in the nature of a survey of their entire 32-acre parcel, and a lesser

survey was indeed not material, its performance could be excused by a court of equity.

Thus, the grant of summary judgment was inappropriate and a trial must be had to determine whether the survey requirement was a condition precedent for defendants' benefit and, if so, whether it was material, or whether, in light of the circumstances, it could be excused.

The order should be reversed, on the law, the motion denied, and the matter remitted for further proceedings not inconsistent herewith, with costs.

SWEENEY, KANE, MAIN and LARKIN, JJ., concur.

Order reversed, on the law, motion denied, and matter remitted for further proceedings not inconsistent herewith, with costs.