■ RICHARD T. McKENNEY et al., Respondents, v JAY KAPIN et al., Defendants, and MILTON BERLIN et al., Appellants.—In an action *inter alia* to (1) recover damages for fraud and (2) cancel a certain deed, defendants Milton Berlin and Westnau Land Corp. appeal from a judgment of the Supreme Court, Suffolk County, entered February 3, 1976, which, after a nonjury trial, *inter alia,* directed defendant Westnau to reconvey certain premises to plaintiffs. Judgment affirmed, with costs. Appellants' contentions, that respondents' proof of fraud was insufficient as a matter of law or, alternatively, that respondents waived the fraud, are unsupported by the record. Respondents' proof was that defendants Kapin and Berlin, acting in concert and using their respective holding companies, defendants Grotell Corp. and Westnau Land Corp., induced respondents to convey their property to Grotell Corp. (and to become lessors thereof) upon oral promises, knowingly false when made. The individual defendants promised that efforts would be undertaken to refinance respondents' mortgage, which was in arrears, and that, upon receipt of certain moneys which respondents could subtract from the new mortgage loan, they would reconvey the property to respondents. A cause of action for fraud lies where the misrepresentation consists of a false statement of intention to comply with promises made (*Adams v Gillig,* 199 NY 314; *Ritzwoller v Lurie,* 225 NY 464). Reliance upon the false promises herein was not vitiated by the presence of respondents' attorney at the time that the transaction was consummated. The proof established that the attorney did not constructively participate in the transaction (cf. *Sowinski v Cortelle Corp.,* 44 AD2d 838). Finally, respondents' renewal of their lease, necessary to continue in possession of the premises, did not establish an intention to waive the fraud, for they were not fully apprised of appellant Berlin's purposes and they continued to request the promised refinancing and reconveyance. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ LINDEN COUNTRY CLUB, INC., et al., Respondents, v JOSEPH H. NOLIN et al., Appellants.—Order of the Supreme Court, Queens County, entered October 16, 1975, affirmed, with $50 costs and disbursements. The proposed amendment to the complaint adds no new facts, but merely replaces the theory of the second cause of action with an alternative theory (cf. *Rife v Union Coll.,* 30 AD2d 504). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.