■ ARNOLD CONSTABLE CORPORATION et al., Respondents, v CHASE MANHATTAN MORTGAGE AND REALTY TRUST, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered November 16, 1976, which, *inter alia,* granted the motion of plaintiffs to strike Interrogatory No. 6

propounded by defendant Chase Manhattan Mortgage and Realty Trust, unanimously reversed to the extent appealed from, on the law, with $40 costs and disbursements of this appeal to appellant, and the plaintiff's motion denied. Plaintiffs Arnold Constable Corporation and No Name Stores, Inc., are, respectively, the original tenant and its assignee. They seek rescission of a lease on the ground that the tenant was induced to sign the lease for floor space located in a shopping center in reliance on fraudulent representations made by the renting agent for the property, defendant Feist & Feist, Inc. Defendant Chase Manhattan Mortgage and Realty Trust (Chase Trust), the construction lender and holder of the first mortgages on the shopping center, is now the operator of the center pursuant to a mortgagee-in-possession agreement. Chase Trust in Interrogatory No. 6 seeks the following: "State whether Constable employed legal counsel in connection with the negotiation of the Lease and, if so, identify such counsel, state the date when such counsel first became involved in the lease negotiations, and identify all correspondence between Constable and counsel relating to the Lease and to the premises." Plaintiffs' claim that this interrogatory violates the attorney-client privilege is, on this record, without merit. Clearly, plaintiffs have the burden of establishing the essential elements of fraud, including justifiable reliance on the allegedly false representations. In this respect it is noted that a fraud claim will not be sustained where the party making such claim relied on an independent investigation of its own lawyer (see *Zuyder Zee Land Corp. v Broadman Bldg. Co.,* 86 NYS2d 827, affd 276 App Div 751, mot for lv to app den 276 App Div 834; *Sowinski v Cortelle Corp.,* 44 AD2d 838; *Charid Props. v Berger,* 37 AD2d 987, affd 32 NY2d 667; see, also, *New York Mdse. Co. v 23rd St. Props.,* 49 AD2d 849, mot for lv to app den 38 NY2d 707). Evaluating Interrogatory No. 6 in the context of the substantive issues raised in this lawsuit, it is clear that privileged information is not demanded. It is noted that the interrogatory does not demand the correspondence itself. "The modern trend is to view litigation as a search for truth rather than a sporting contest * * * application of the confidential communication rule cuts against this principle because it excludes evidence which has a high degree of reliability as contrasted with rules that restrict evidence which is prejudicial or of low probative value. For that reason the privilege rule and the attorney-client privilege particularly, have not been without critics both present and past [citations] and the courts have generally held that the scope of the privilege must be narrowly construed to restrict its impact *(People ex rel. Vogelstein v. Warden of County Jail,* 150 Misc. 714, 720, affd. 242 App. Div. 611). The privilege is justified because of the public policy encouraging full disclosure between a client and his attorney and the need to protect their confidential relationship. Its purpose is not concealment of evidence, and the fact that allegedly confidential information may operate to the client's disadvantage does not operate to extend the privilege to areas where it does not otherwise exist (see *Schafer v. Utica Mut. Ins. Co.,* 248 App. Div. 279, 289)" *(Finn v Morgan,* 46 AD2d 229, 234). In any event, the application for a protective order was premature since no request was made that the contents of the correspondence be revealed. Interrogatory No. 6 seeks to establish what correspondence exists. Only after the interrogatory is answered can further inquiry be made into the content of the correspondence. At that point plaintiffs may protect their rights by proper objection or by seeking a court ruling as to privilege by way of a motion for a protective order. Concur—Kupferman, J. P., Lupiano, Evans and Lane, JJ.