■ NAN MANNING, Also Known as ANNA MANNING, Appellant, v ROBERT E. MICHAELS et al., Respondents.—Levine, J. Appeal (1) from an order of the Supreme Court (Mugglin, J.), entered March 18, 1988 in Delaware County, which, *inter alia,* granted summary judgment to defendants Robert E. Michaels and Cherida Michaels on their first counterclaim, and (2) from the judgment entered thereon.

In 1987, plaintiff sought to purchase real property from defendants Robert E. Michaels and Cherida Michaels (hereinafter the sellers). Plaintiff initially paid the sum of $1,350 to a real estate broker who in turn paid that sum over to defendant Joseph C. Shapiro, the sellers' attorney. Shapiro prepared a proposed contract of sale which contained in a rider a provision for the down payment to be held in escrow by the sellers' attorney until the closing. Plaintiff's attorney, upon receipt of the contract, expanded the rider by adding a number of provisions to the agreement. Plaintiff's attorney also altered certain terms of the escrow provision but retained the final sentence which stated, "By signing this Rider, Seller's attorney has agreed to act as escrow agent as provided above." At the end of the new rider, there were signature lines for the sellers, the purchaser, and for Shapiro as escrow agent.

The revised contract was signed by plaintiff and sent to Shapiro along with a check for $6,750, the balance of the down payment. The June 10, 1987 cover letter accompanying the contract and check apparently instructed Shapiro to hold the check in escrow and to return two fully executed copies of the contract to plaintiff's attorney. Approximately two weeks later, on June 19, 1987, under a covering letter from Shapiro confirming the full execution of the proposed contract and suggesting alternative dates for closing, two copies of the contract were returned to plaintiff's attorney signed by the sellers; Shapiro, however, had neglected to sign any copy of the contract.

At the end of July 1987, plaintiff contacted her attorney and informed him that for personal reasons she could not proceed

to a closing. On July 30, 1987, plaintiff's attorney wrote to Shapiro demanding return of the deposit on the ground that plaintiff's submission of an amended contract and rider constituted a counteroffer and since Shapiro had failed to sign the rider, there was no valid acceptance and therefore plaintiff was within her rights to revoke her offer. Shapiro responded in a letter to plaintiff's attorney stating that a valid contract existed between the parties and that plaintiff's rejection was untimely and unacceptable.

Plaintiff commenced this action against the sellers and Shapiro for return of her $8,100 deposit. The sellers counterclaimed for breach of contract and demanded a judgment declaring that they are the owners of the down payment and directing that it be turned over to them. Plaintiff then moved for summary judgment. Supreme Court denied plaintiff's motion and, pursuant to CPLR 3212 (b), granted the sellers summary judgment against plaintiff in the amount of the down payment plus interest. This appeal by plaintiff ensued.

Plaintiff's first contention on appeal is that Supreme Court erred in finding that a contract existed between the parties in light of Shapiro's failure to sign the contract agreeing to act as escrow agent. According to plaintiff, Shapiro's signature on the contract was a condition precedent to the creation of a binding agreement. We disagree. Although the existence of an escrow arrangement may have been a condition of the contract's formation, based on the facts before us, Shapiro's signature on the rider did not in itself constitute such a condition precedent.

In support of her argument, plaintiff relies on the sentence in the escrow provision which states that, "By signing this Rider, Seller's attorney has agreed to act as escrow agent as provided above." We are unpersuaded that this phrase created a condition precedent, since for such a condition to exist it must be apparent from the contract itself that this was the intention of the parties (see, Speare's Sons Co. v Casein Co., 122 App Div 22, 25, citing Bank of Montreal v Recknagel, 109 NY 482; see also, 22 NY Jur 2d, Contracts, § 234, at 82). Moreover, where there is ambiguity in a contractual term, the law does not favor a construction which creates a condition precedent (see, 22 NY Jur 2d, Contracts, § 237, at 85).

In our view, however, the issue before us is more properly considered as a question of offer and acceptance. In submitting the amended contract and rider to the sellers, plaintiff was the offeror. Nowhere did the offer indicate that Shapiro's

signature on the rider was required for a valid acceptance by the sellers or that it was to be the exclusive means by which Shapiro could agree to act as escrow agent. In our view, the contract is not reasonably susceptible to such an interpretation in the absence of any words which indicate that this was plaintiff's intent *(see,* 1 Corbin, Contracts § 88, at 373, 375). Accordingly, Shapiro's signature on the rider was not the exclusive means of acceptance and by commencing performance as an escrow agent, Shapiro became bound to the escrow provision of the contract *(see, McIntosh v Niederhoffer, Cross & Zeckhauser,* 106 AD2d 774, 775, *lv denied* 64 NY2d 608; 21 NY Jur 2d, Contracts, §§ 21, 49, at 429, 466; *see also, Allied Steel & Conveyors v Ford Motor Co.,* 277 F2d 907, 910-911). Shapiro's June 19, 1987 letter to plaintiff's attorney which accompanied the return of two copies of the contract signed by plaintiff and the sellers constituted an unequivocal assent to the real estate purchase agreement. Plaintiff's acquiescence to this manner of acceptance with knowledge that Shapiro was then acting as escrow agent is further support for our conclusion that a binding contract was formed between the parties *(see, Allied Steel & Conveyors v Ford Motor Co., supra,* at 911, 913; *Josephine & Anthony Corp. v Horwitz,* 58 AD2d 643).

Plaintiff's other contention, that she is entitled to a return of her down payment because of the escrow agent's alleged failure to comply with the terms of the escrow provision, does not merit extended discussion. The record demonstrates that once the dispute arose, Shapiro acted in full accordance with the escrow agreement. Furthermore, the sellers are entitled to plaintiff's down payment pursuant to the liquidated damage clause of the contract *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373, 381-382). Based on the foregoing, Supreme Court's decision awarding summary judgment to the sellers must be affirmed.

Order and judgment affirmed, with one bill of costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.