■ Ahlstrom Machinery, Inc., Formerly Known as Kamyr, Inc., Respondent-Appellant, v Associated Airfreight, Inc., et al., Appellants-Respondents. (And a Third-Party Action.) [675 NYS2d 161] —Carpinello, J. Cross appeals from an order of the Supreme Court (Dier, J.), entered March 14, 1997 in Warren County, which partially granted plaintiff's motion for summary judgment on the issue of liability.

Plaintiff is a corporation engaged in the business of supplying equipment for the production of paper pulp and defendants are engaged in the business of transporting freight. On December 8, 1995, defendants signed a purchase order sent by plaintiff whereby defendants agreed to transport an atmospheric diffuser from Fairfield, New Jersey, to New Augusta, Mississippi, for the sum of $198,610. The promised shipping date was January 8, 1996. The parties' contract contained an "excusable delay" or force majeure clause which provided: "Neither Seller nor Buyer shall be liable for delays or defaults in delivering or receiving material hereunder due to causes beyond its reasonable control. If at any time Seller has reason to believe that excusable delays in deliveries will take place, written notice setting forth the cause of the anticipated delay must be given promptly to Buyer."

Thereafter, on February 13, 1996, defendants' vice-president, Walter Mahland, advised plaintiff in writing that it was now impossible for defendants to perform the contract at the bargained price due to the fact that their subcontractor, J.S. Lomma Inc. (hereinafter Lomma), had dramatically increased its charges seven days after having loaded plaintiff's shipment onto its trailer.[1] The letter listed other reasons for defendants' withdrawal from the contract, including weather-related delays allegedly caused by a major blizzard in the New Jersey area between January 7, 1996 and January 8, 1996. As a result of this communication, plaintiff hired Lomma directly at a higher price to transport the diffuser. Plaintiff then commenced this breach of contract action against defendants seeking the difference in price between the original contract with defendants and the cost of the replacement shipper.[2] Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted summary judgment in favor of plaintiff on the issue of liability but denied summary judgment on the issue of damages. These cross appeals ensued.

Initially, we conclude that Supreme Court properly granted summary judgment to plaintiff on the issue of liability. Here, our review of the contract and plaintiff's affidavits in support of its motion convinces us that plaintiff sufficiently demonstrated the existence of a contract and defendants' breach thereof to warrant the direction of summary judgment in its favor (see, CPLR 3212 [b]). In contrast, defendants have failed to sustain their burden of raising a material issue of fact with respect to their liability under the contract (see, id.; Zuckerman v City of New York, 49 NY2d 557, 562).

Specifically, we are unpersuaded by defendants' claim that the January 1996 snowstorm raised a question of fact as to their lack of performance. While the force majeure clause might have excused a delay beyond defendants' control, under these circumstances performance was still required, albeit beyond the promised shipment date. It is apparent from a reading of Mahland's February 13, 1996 letter that the principal reason for their failure to perform was the postcontract demand for additional money from their subcontractor, Lomma.

With regard to the defense of impossibility, it is settled law that "[i]mpossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impos-

---

1. An affidavit submitted by plaintiff indicates that Lomma began loading the diffuser on January 23, 1996.

2. Defendants commenced a third-party action against Lomma.

sible" (*Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902). Furthermore, the impossibility "must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (*id.*; *see, Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073, 1074). Although unanticipated, the January 1996 snowstorm that struck the northeast was not an unforeseeable event, considering that the contract specifically scheduled shipment in the middle of the winter. Moreover, performance was demonstrably not rendered impossible by reason of the storm since Lomma, on defendants' behalf, had already begun taking steps to transport the diffuser prior to the cancellation of the contract by defendants and, in fact, actually completed performance pursuant to a direct contract with plaintiff.

We also reject defendants' argument that a question of fact was raised as to whether Lomma's ability to obtain shipping permits for them was a condition precedent to their obligation to perform under the contract in violation of UCC 2-615 (a). Notably, UCC article 2 applies to contracts for the sale of goods, not a contract for services (*see*, UCC 2-102). Therefore, this provision does not apply to the subject contract. In any event, the only evidence submitted by defendants in support of this argument is an affidavit from their district manager which states in a conclusory fashion that "[a]ll parties knew that shipment was contingent upon Lomma securing proper transportation permits". Significantly, however, the contract is devoid of language indicating that the obtaining of proper permits was a condition precedent to defendants' performance.

Finally, turning to Supreme Court's denial of that portion of plaintiff's summary judgment motion seeking an award of damages, we conclude that this aspect of the motion was improperly denied. While the stated reason for the denial was the alleged existence of an issue of fact as to the reasonableness of damages, nothing in the record before us or in defendants' brief disputes the reasonableness of the damages requested by plaintiff, which was the $75,228.60 difference between the price originally promised and the price ultimately charged by Lomma. In fact, defendants did not raise plaintiff's failure to mitigate damages as an affirmative defense in their answer. Given the undisputed proof as to plaintiff's damages in the record, Supreme Court's order must be modified in this respect.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's request for summary judgment as to damages; motion granted

to that extent and plaintiff awarded $75,228.60 in damages; and, as so modified, affirmed.