■ John P. Rooney et al., Appellants, v Marvin Slomowitz et al., Respondents. [784 NYS2d 189]—

Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 11, 2003 in Columbia County, which, inter alia, denied plaintiffs' motion for summary judgment.

Plaintiff John P. Rooney and defendant Marvin Slomowitz executed an option agreement whereby Slomowitz obtained the right to purchase 87 acres of property in the Town of Greenport, Columbia County, from plaintiffs on the condition that, should Slomowitz exercise the option, he would build an access road to adjacent lands which Rooney would be retaining lying along the north boundary line of the conveyed parcel. Slomowitz exercised the option and took title in February 1989 but he has not, to date, constructed the road contemplated by the option agreement, prompting plaintiffs in January 1990 to commence this action seeking damages for breach of contract and/or specific performance. Defendants answered and counterclaimed, asserting that Rooney breached conditions precedent in the agreement, frustrated defendants' performance under the contract, and breached the obligation of good faith and fair dealing. Plaintiffs moved for summary judgment and defendants cross-

moved on their counterclaim for breach of the covenant of good faith and fair dealing. Supreme Court denied both motions, and plaintiffs appeal.

Neither plaintiffs nor defendants dispute the existence of a valid contract, or that it creates an obligation, on the part of Slomowitz, to construct an access road for plaintiffs' benefit. Defendants contend, however, that their performance was conditioned upon Rooney's architect establishing the location of the road. Notably, it is for the court to decide, as a matter of law, whether an express condition precedent to performance exists under the terms of a contract (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]; *Comprehensive Health Solutions v Trustco Bank, Natl. Assn.*, 277 AD2d 861, 863 [2000]). Even were we to find a duty on the part of Rooney to utilize an architect, "a contractual duty ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition" (*Unigard Security Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581 [1992]; *Manning v Michaels*, 149 AD2d 897, 898 [1989]).

In support of their position that such a condition exists, defendants rely upon the language found in section 18 of the option agreement, which states in the first paragraph that the road was to be constructed "over and across the northerly portion of the Premises onto Route 9, *in the reasonable opinion of [Rooney's] architect*" prior to July 1, 1989 (emphasis added). In contrast, the third paragraph of section 18 clearly provides: "The Town road, or roads and said future easements shall be located *by [Slomowitz's] architect* to minimize reasonably [Rooney's] aforesaid cost, subject to and in the good faith opinion of [Rooney's] architect" (emphasis added). Finally, toward the end of section 18 the agreement refers to "the Town road or roads *as located by such architect*" (emphasis added). The parties altered the language preceding this quote, changing a reference from Slomowitz's architect to Rooney's architect, but it is not clear that the change also was intended to alter the meaning of "such architect."

It is well settled that the terms of a written contract must be interpreted as part of the entire contract and that " '[t]he meaning of a writing may be distorted where undue force is given to single words or phrases' " (*Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003], quoting *Empire Props. Corp. v Manufacturers Trust Co.*, 288 NY 242, 248 [1942]). After reviewing these provisions in the context of the option agreement as a whole, we do not find that the parties intended to

condition performance on Rooney's architect providing the location for the road. We construe the provisions to require Slomowitz to locate and construct the road "over and across the northerly portion" of the conveyed property in a manner approved by Rooney's architect, and approval of the location by his architect is a right to be exercised at his option, rather than a condition precedent to performance by Slomowitz (*see Tennant v Millington*, 47 AD2d 167, 169-170 [1975]).

Defendants' further contention that construction of the road was orally conditioned on Rooney submitting plans to develop the retained parcel is unsupported by any language in the option agreement. Parol evidence of the failure of an oral condition precedent to the legal effectiveness of a written agreement is admissible as a defense, but only if the alleged condition does not contradict the express terms of the written agreement (*see Citibank, N.A. v Plapinger*, 66 NY2d 90, 95-96 [1985]; *Hicks v Bush*, 10 NY2d 488, 491 [1962]; *Mastan Co. v Weil*, 84 AD2d 657, 658 [1981]). Here, defendants rely on evidence that the Department of Transportation denied defendants the highway work permit necessary to begin construction of the road in part because of the lack of specific plans for development of plaintiffs' retained parcel. This information, however, is not evidence of any collateral agreement or meeting of the minds between Rooney and Slomowitz. Thus, we find no evidence that the parties intended to condition construction of the road on Rooney's submission of plans to develop the retained parcel.

As additional grounds for excusing performance, defendants cite difficulty in obtaining governmental permits necessary for constructing the road and alleged interference by Rooney (i.e., insistence on an impractical road location, failure to use his political influence to obtain regulatory approvals and failure to submit plans to develop his retained parcel). With respect to application of the rarely imposed impossibility of performance defense, defendants have failed to allege facts which could demonstrate the type of impossibility " 'produced by an unanticipated event that could not have been foreseen or guarded against in the contract' " which would render the option agreement unenforceable (*Lagarenne v Ingber*, 273 AD2d 735, 737 [2000], quoting *Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]; *see Ahlstrom Mach. v Associated Airfreight*, 251 AD2d 852, 853-854 [1998]). Similarly, given that Rooney did not have a contractual duty to locate the road, develop the retained parcel or obtain the necessary permits, and the dearth of any evidence that he unreasonably withheld approval of a proposed road location, we find that defendants failed to present suf-

ficient evidence to raise a triable issue of fact on their claim that defendants' ability to perform was frustrated by Rooney's conduct (*see Hidden Meadows Dev. Co. v Parmelee's Forest Prods.*, 289 AD2d 642, 644 [2001]).

Next, we reject defendants' argument that summary judgment must be denied because the parties orally modified the option agreement. The option agreement does not proscribe oral modification (*see Hopkinson v Redwing Constr. Co.*, 301 AD2d 837, 838 [2003]) and Slomowitz testified that following difficulties obtaining the highway work permit from the Department of Transportation, he and Rooney met and agreed that construction of the road would be postponed until defendants obtained tenants for their property. However, the details of the meeting and terms of the modification are alleged only in conclusory terms and, most significantly, defendants fail to state any consideration for Rooney's alleged agreement to permit postponing construction of the road. Consideration is necessary to prove the existence of an oral modification of a written agreement (*see* General Obligations Law § 15-301; *Tufano v Morris*, 286 AD2d 531, 534 [2001]). Furthermore, defendants failed to plead the alleged modification as an affirmative defense in their answer, "thus waiving that defense absent leave to amend" (*Counties of Warren & Washington Indus. Dev. Agency v Boychuck*, 109 AD2d 1024, 1026 [1985], *lv denied* 65 NY2d 603 [1985]; *see* CPLR 3018 [b]).

Finally, defendants claim that summary judgment is inappropriate because factual issues remain pending with respect to defendants' counterclaim that Rooney breached his obligation of good faith and fair dealing, and because Rooney is guilty of unclean hands. In New York, the implied covenant of good faith and fair dealing in the course of performance "embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002], quoting *Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). Defendants rely on Rooney's alleged failure to make good on promises to use his influence to obtain governmental approvals and difficulties encountered in obtaining permits due, allegedly, to Rooney's wishes with respect to the location of the road. Having concluded that Rooney had no contractual obligation to obtain such approvals or to locate the road, we find that the alleged conduct does not support a claim for breach of the covenant of good faith and fair dealing.

On the subject of unclean hands, Rooney admits that he know-

ingly concealed his ownership interest in a second parcel which was also being sold to defendants as part of the same transaction and, relying on this, defendants argue that Rooney breached his ethical responsibilities as an attorney. However, Rooney had no fiduciary duty to defendants at this point but, instead, was engaged in an arm's length business transaction. Moreover, " 'the doctrine of unclean hands is only applicable when the conduct relied on is directly related to the subject matter in litigation and that the party seeking to invoke the doctrine was injured by such conduct' " (*Clifton County Rd. Assoc. v Vinciguerra*, 195 AD2d 895, 896 [1993], *lv denied* 82 NY2d 664 [1994], quoting *Mehlman v Avrech*, 146 AD2d 753, 754 [1989]; *see Tierno v Puglisi*, 279 AD2d 836, 838-839 [2001]). Here, defendants have failed to describe any concrete injury flowing from any conduct related to the construction of the road.

Accordingly, plaintiffs' motion seeking summary judgment should have been granted. In the complaint plaintiffs request both damages and specific performance and their motion for summary judgment seeks an inquest to ascertain the amount and nature of relief to be awarded. Given that Supreme Court did not have occasion to address the appropriate remedy and the parties have not taken firm positions on the issue on appeal, we remit the matter to Supreme Court for resolution of that issue.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' motion; said motion granted, summary judgment awarded to plaintiffs and matter remitted to the Supreme Court for a determination of the appropriate remedy and the amount of damages, if any; and, as so modified, affirmed.