Anthony G. PETRELLO, Cynthia A. Petrello, Plaintiffs–Counter– Defendants–Appellees,

v.

John C. WHITE, Jr., White Investment Realty, LP[1], Defendants–Counter– Claimant–Appellants.

No. 09–0343–cv.

United States Court of Appeals, Second Circuit.

Aug. 26, 2009.

---

1. We note that this party was incorrectly named in the caption. The correct name is White Investment Limited Partnership.

Stephen J. Riccardulli (Banks Brown and Daniel N. Jocelyn, on the brief), McDermott Will & Emery LLP, New York, NY, for Appellants.

David H. Berg, Berg & Androphy, Houston, TX, for Appellees.

PRESENT: GUIDO CALABRESI, B.D. PARKER, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Appellants John C. White and White Investment L.P. (collectively "White") appeal from a partial final judgment of the district court granting Appellees' motion for summary judgment. In granting that motion, the district court granted Appellees (collectively "Petrello") specific performance of their real estate contract with White, and granted summary judgment to Appellees on several of White's counterclaims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-movant and resolving all ambiguities against the movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Higazy v. Templeton*, 505 F.3d 161, 168–69 (2d Cir.2007).

■ Turning first to White's fraud in the inducement counterclaim, White contends that the district court erred in finding that he could not have reasonably relied on Petrello's oral representations in entering into the contract for the sale of the Whites' land. Fraud in the inducement must be pled with particularity, in that a plaintiff must allege: (1) that the defendant made a representation; (2) as to a material existing fact; (3) which was false; (4) and known to be false by the defendant; (5) that the representation was made for the purpose of inducing the

plaintiff to rely upon it; and (6) that the plaintiff reasonably did so rely; (7) in ignorance of its falsity; (8) to his injury. *See Computerized Radiological Servs. v. Syntex Corp.,* 786 F.2d 72, 76 (2d Cir.1986); *see also Fax Telecommunicaciones Inc. v. AT & T,* 138 F.3d 479, 490 (2d Cir.1998).

We agree with the district court that White could not have reasonably relied on Petrello's oral representations. First, White's independent counsel advised him that the promises would be more difficult to enforce if not in writing. *See Lazard Freres & Co. v. Protective Life Ins. Co.,* 108 F.3d 1531, 1543 (2d Cir.1997) (" '[W]here, as here, a party has been put on notice of the existence of material facts which have not been documented and he nevertheless proceeds with a transaction without ... *inserting appropriate language in the agreement for his protection,* he may truly be said to have willingly assumed the business risk that the facts may be not as represented.' " (quoting *Rodas v. Manitaras,* 159 A.D.2d 341, 343, 552 N.Y.S.2d 618, 620 (App.Div.1990))); *Arnold Constable Corp. v. Chase Manhattan Mortgage & Realty Trust,* 59 A.D.2d 666, 667, 398 N.Y.S.2d 422, 423 (App.Div.1977). Second, at least with respect to the promise regarding the size of the house, the fact that the "architectural input" provision in the 1995 Memorandum of Sale was not a provision in the final contract further undermines White's argument that their continued reliance on that promise was reasonable. Third, as the district court found, the basic material terms of the sale were evolving and changing over the three-year period between the 1995 Memorandum of Sale and the 1998 Contract of Sale (the "Contract"). White's continued reliance on the oral promises throughout this period of flux strikes us as all the more unreasonable. For these reasons, we conclude that the district court properly granted

Petrello summary judgment on White's fraudulent inducement counterclaim.

■ White also argues that the district court erred in granting summary judgment to Petrello on his breach of fiduciary duty counterclaim. In order to state a claim for breach of fiduciary duty, a plaintiff must show (1) the existence of a fiduciary duty owing to him by the defendant; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff proximately caused by the breach. *See SCS Commc'ns, Inc. v. Herrick Co.,* 360 F.3d 329, 342 (2d Cir.2004). In New York, an attorney entering into a contractual relationship with another party does not automatically have a fiduciary duty towards that party; if the attorney is "engaged in an arm's length business transaction," he owes no such duty. *Rooney v. Slomowitz,* 11 A.D.3d 864, 868, 784 N.Y.S.2d 189, 194 (App.Div.2004).

■ We conclude that Petrello, who was not counsel for White and who stood clearly adverse to him in an arm's length commercial transaction, owed no fiduciary duty to White. Although White argues that his retention of Baker & McKenzie, at which Petrello was Of Counsel and a former partner, for estate planning purposes suggests that Petrello owed White a fiduciary duty, we find this evidence insufficient to raise a genuine issue of material fact on White's breach of fiduciary duty counterclaim. Moreover, even assuming that this transaction took place at something less than "arm's length," White has failed to offer evidence that would permit a reasonable fact-finder to conclude that Petrello exercised "de facto control" or "dominance" over him, both "[e]ssential elements" of a fiduciary duty claim. *AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co.,* 11 N.Y.3d 146, 158, 866 N.Y.S.2d 578, 585, 896 N.E.2d 61 (2008) (internal quotation marks omitted). Ac-

cordingly, we conclude that the district court properly granted summary judgment to Petrello on this counterclaim as well.

We have considered White's remaining contentions and find that they are without merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED.**