(June 20, 2013)

■ RACHEL GONZALEZ, Appellant, v 40 WEST BURNSIDE AVENUE LLC et al., Respondents, et al., Defendant. [968 NYS2d 50]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 11, 2011, as amended by order entered May 16, 2012, which granted defendants-respondents' (collectively, the owners) motion to dismiss the complaint as against them and denied plaintiff's cross motion for leave to depose nonparty James Reilly, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, and the matter remanded for further proceedings in accordance with this decision.

In August 2008, plaintiff Rachel Gonzalez, a 22-year-old recent high school graduate, broke her clavicle and lost consciousness when she tripped on a sidewalk adjacent to the building owners' premises in the Bronx. She was taken to a hospital, treated, and released after a few hours. Plaintiff received follow-up medical treatment and, as of December 2008, still felt lingering effects that included shoulder pain and migraine headaches. In September 2008, plaintiff retained a law firm to represent her for a personal injury action. The firm's engagement letter instructed plaintiff not to speak to anyone about the matter except her doctor or the law firm, and to refer all inquiries to the firm.

In December 2008, however, James Reilly, an agent of the building owners' insurer, General Star Management Co./General Star Indemnity Co. (General Star), came to plaintiff's home. At that time, plaintiff gave Reilly a written, three-page account of the accident, which included her statement that "[a]t the time of this interview I am not represented by an attorney."

In March 2009, Reilly again met with plaintiff and, in exchange for $1,500, she executed a release of all claims against the owners and General Star relating to her accident. Plaintiff did not inform her lawyers about her meetings with Reilly.

In June 2009, plaintiff's attorneys commenced this action in Supreme Court, Bronx County, asserting negligence claims against the owners, a grocery store on the ground floor of the premises, and another tenant.

In December 2010, the owners moved to dismiss the complaint under CPLR 3211 (a) (5) based on the release. Plaintiff opposed the motion and cross-moved for permission to depose Reilly. Plaintiff argued that the release should be set aside because she had been fraudulently induced to sign it. Plaintiff submitted an affidavit stating that, when she spoke with Reilly in December 2008, she told him that she had an attorney, but Reilly told her to provide him with a written statement that she was not represented "because it would help settle [her] case." Plaintiff further averred that when she spoke with Reilly in March 2009, he told her that he had "investigated [her] claim" and had determined that the owners were not liable for her accident because the grocery store was solely responsible for maintaining the sidewalk in front of the premises. According to plaintiff, Reilly told her that the owner was willing to pay her $1,500 for a release, and she accepted the offer in reliance on Reilly's misrepresentations.

Based on the foregoing, plaintiff argued that the release should be set aside as having been procured by fraud. Plaintiff contended that Reilly had fraudulently induced her to sign the release by misrepresenting that the owners could not be held liable for her injuries when in fact they could be liable under Administrative Code of the City of New York § 7-210.

Plaintiff added that she should be afforded discovery about the events leading to her signing of the release, and accordingly requested leave to depose Reilly.

In its August 2011 order, as amended in May 2012, Supreme Court granted the owners' dismissal motion based on the release and denied plaintiff leave to depose Reilly. The court found that plaintiff could not establish that she had justifiably relied on Reilly's alleged misrepresentations because she was then repre-

sented by counsel and had the means to investigate Reilly's claims. The court denied leave to depose Reilly without further explanation.

Under the particular facts of this case, dismissal of the causes of action against the owners at the pleading stage was premature because plaintiff has alleged facts showing that her release may have been fraudulently obtained. To make out the basic elements of a fraudulent inducement claim, a plaintiff must establish that the reliance on the false representation was justified (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]). Whether the plaintiff could justifiably rely on the false representation is an issue of fact (*Black v Chittenden*, 69 NY2d 665, 669 [1986]; *Braddock v Braddock*, 60 AD3d 84, 88 [1st Dept 2009]). "The question of what constitutes reasonable reliance is always nettlesome because it is so fact-intensive" (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 155 [2010]). Moreover, "[w]here fraud . . . in the procurement of a release is alleged, a motion to dismiss should be denied" (*Bloss v Va'ad Harabonim of Riverdale*, 203 AD2d 36, 37 [1st Dept 1994]).

A plaintiff's reliance on a misrepresentation may be justified even if the plaintiff is represented by counsel (*see McKenney v Kapin*, 53 AD2d 603, 603 [2d Dept 1976] [the plaintiff, who was represented by counsel, justifiably relied on misrepresentations that the defendants made when counsel did not constructively participate in the transaction]).

Here, the description of the circumstances that led to the execution of the release, together with plaintiff's explanation of why she agreed to sign the release and accept the minimal settlement that Reilly offered her, merits further investigation. Accordingly, this action is remanded for a hearing or further proceedings in connection with plaintiff's fraudulent inducement claim and leave to depose nonparty James Reilly is granted. Concur—Andrias, J.P., Saxe, Renwick and Freedman, JJ.